UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Jon Q. Wright and JQ Licensing LLC; | : | Case No.: 3:22-cv-00347-JDP |
| Plaintiffs | : | |
| v. | : | |
| Robert Snider d/b/a Trappers Point Camp, Stratford Sign Company, and Does 1-5 | : | |
| Defendants. | : | |

**PLAINTIFFS' INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Jon Q. Wright and JQ Licensing LLC ("Plaintiffs") hereby submit their initial disclosures. These initial disclosures are based on the information reasonably available to Plaintiffs at this time and are made without waiving any objections as to relevance, materiality, or admissibility of evidence in the action. Plaintiffs are in the process of continuing its investigation and analysis of the facts and issues relating to this action. Consequently, Plaintiffs reserve the right to revise, correct, supplement, or clarify the disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

1. <u>Individuals Likely To Have Discoverable Information</u>: The following individuals are likely to have discoverable information that Plaintiffs may use to support their claims in this action:

| Name | Organization and Title | Contact Information | Subject Matter |
|---|---|---|---|
| Jon Q. Wright | JQ Licensing LLC, Principal | Contact through counsel | General Knowledge regarding the claims asserted, including the creation of the Subject Work, Plaintiffs damages, etc. |
| Robert Snider | Trappers Point Camp, Co-owner | 1 Trappers Point Rd, Savant Lake, ON P0V 2S0, Canada | Issues relating to the exploitation of a logo containing the Subject Work and Defendant's gross revenues, profits |
| Dan Drexler/Cara Drexler | Stratford Sign Company, LLC | 212805 Connor Ave, Stratford, WI 54484 | Issues relating to the creation of the logo containing the Subject Work, the creation of a new non-infringing logo, as well as Defendant's gross revenues, profits as it relates to the creation of the logo containing the Subject Work |
| Beau McGraw, Esq. | McGraw Law Firm, P.A., | 10390 39th St N STE 3, Lake Elmo, MN 55042 | Issues relating to communications with Plaintiffs' counsel prior to, and immediately after the initiation of this action |

In addition, Plaintiffs anticipate that other, unknown individuals may have discoverable information that Plaintiffs may use to support their claims or defenses. Plaintiffs incorporate by reference any other individuals disclosed by other parties in this matter and reserve the right to supplement this disclosure pursuant to Fed. R. Civ. P. 26(e).

Plaintiffs reserve the right to obtain discovery in support of their claims from any witness identified in any other party's Rule 26(a)(1) disclosure.

2.      <u>Documents Relevant to Plaintiffs Claims</u>: Plaintiffs submit the following descriptions of documents, electronically stored information, or tangible things in their possession, custody, or control that they may use to support their claims:

  a. Documents associated with the copyright application and registration related to the Subject Work.

  b. Documents concerning the Subject Work's authorship, creation, publication, etc.

  c. Documents reflecting the scope and nature of the infringing acts by Defendants, including, but not limited to documentary evidence published by Defendants onto social media, third-party websites, etc.

  d. Correspondence between the parties regarding the Subject Work.

  e. Materials comparing/analyzing the Subject Work and the Infringing Logo.

  f. Documents reflecting the harm to Plaintiffs caused by the infringing acts, including but not limited to, prior license agreements for comparable works of art.

  3. <u>Computation of Damages</u>: Plaintiffs have suffered damages in amounts presently unknown. Within the time limits prescribed by the Copyright Act, Plaintiffs shall make their election between actual damages or statutory damages.

  Should Plaintiffs elect actual damages, Plaintiffs will seek damages suffered as a result of the infringement in an amount that adequately compensates Plaintiffs for the reduction of the fair market value of the work caused by the infringement, including lost licensing revenue. Further, Plaintiffs shall seek Defendants' profits, attributable to the infringement, to the extent not already calculated through the reduction of fair market value, lost licensing revenue, etc.

  Should Plaintiffs elect statutory damages, Plaintiffs will seek an award that not only compensates Plaintiffs for their losses, but also to penalize Defendants and deter future violations of copyright laws.

  Plaintiffs shall also seek to recover their full costs and reasonable attorneys' fees.

4.      <u>Insurance Agreements</u>: Plaintiffs have no relevant insurance policies.

Dated: October 17, 2022                         Respectfully Submitted,

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
Axenfeld Law Group LLC
2001 Market Street Suite 2500
Philadelphia PA 19103
dmitry@axenfeldlaw.com
917-979-4570
Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

On October 17, 2022, I served via ECF, true copies of the following document described as Plaintiffs' **PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)** on counsel for the parties in this action, as follows:

Matthew J. Cavanagh, Esq.
MCDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, OH 44114
mcavanagh@mcdonaldhopkins.com
**Counsel for Stratford Sign Company**


Andrew M. Scarpace, Esq.
John P. Loringer, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
555 E. Wells Street, Suite 1730
Milwaukee, WI 53202
Andrew.Scarpace@wilsonelser.com
John.Loringer@wilsonelser.com
**Counsel for Defendant Robert Snider d/b/a Trappers Point Camp**


Executed this 17th day of October 2022        /s/ Dmitry Lapin
                                              Dmitry Lapin, Esq.