IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JON Q. WRIGHT and JQ LICENSING, LLC,

      Plaintiffs,

v.                                                                                          OPINION and ORDER

ROBERT SNIDER dba TRAPPERS POINT CAMP,                          22-cv-347-jdp
STRATFORD SIGN COMPANY, and DOES 1–5,

      Defendants.

---

  Plaintiff Jon Wright alleges that the logo for Trappers Point Camp, a fishing campsite operated by defendant Robert Snider, infringes the copyright to one of Wright's wildlife illustrations. Wright brings copyright infringement claims against Snider and defendant Stratford Sign Company, the company Snider hired to create the logo.

  Two matters are before the court. First, Wright asks the court to enjoin Snider from displaying the allegedly infringing logo on campsite paraphernalia and in social media posts. Dkt. 6. Second, Wright seeks to recover the costs of service on Stratford Sign Company, as well as attorney fees for time spent preparing the motion for costs. Dkt. 15. The court will deny the motion for injunction because Wright has not shown that he will be irreparably harmed without injunctive relief. The court will deny Wright's request for costs because the waiver form was facially defective.

## BACKGROUND

  The court draws the following facts from Wright's complaint, Dkt. 1, and the parties' submissions on the injunction motion, Dkt. 8; Dkt. 25.

Plaintiff Jon Wright is a wildlife artist specializing in detailed illustrations of animals and nature scenes. Wright licenses his artwork through JQ Licensing LLC, of which Wright is a member. Dkt. 1, ¶ 4. This lawsuit concerns an illustration of a walleye fish pursuing a green and yellow lure. Wright created the image in 1993 and registered it with the U.S. Copyright Office in 2009.

In January 2022, Wright discovered that the logo for Trappers Point Camp, a fishing campsite located in Ontario, Canada, incorporated what Wright contends is a lightly modified version of Wright's walleye illustration. Wright provided images of his illustration and the Trappers Point logo in his complaint:



| Wright's drawing: | Trappers Point Camp logo: |
|---|---|

Dkt. 1. Through counsel, Wright sent cease-and-desist letters to the camp and its owner, defendant Robert Snider. Counsel for Snider indicated that Snider would stop using the logo and would hire Stratford Sign Company to design a new one.

In June, Wright discovered that Snider was continuing to use and display the old logo on signage at events and in photos on the camp's Facebook page. Wright again asked Snider to cease displaying Wright's work. In response, Snider removed some, but not all, of the

photographs that pictured the old logo. Wright later learned that Snider was continuing to use the old logo on signage and trucks at the campsite. Wright's motion for an injunction followed.

## ANALYSIS

### A. Injunctive relief

Wright asks the court to order Snider to remove or replace all digital and physical depictions of the old logo. Preliminary injunctive relief is a far-reaching power that a court should use only when a case clearly demands it. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 389 (7th Cir. 1984).

To get a preliminary injunction, Wright must make a threshold showing of three things: that (1) he has a reasonable chance of success on the merits of his claims; (2) he cannot get an adequate remedy at law; and (3) he would suffer irreparable harm without the injunction. *Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health*, 699 F.3d 962, 972 (7th Cir. 2012). If Wright shows each of these things, the court weighs the balance of harm to the parties if the injunction is granted or denied and evaluates the effect of an injunction on the public interest. *Id*.

The court will deny Wright's request because he has not shown that he will suffer irreparable harm without injunctive relief. A harm is irreparable for purposes of granting a preliminary injunction only if the harm cannot be repaired by a final judgment after trial. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997). A harm is not irreparable if it could be adequately remedied with monetary damages later in the litigation. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974). Although the Seventh Circuit once recognized a presumption of irreputable harm in intellectual property cases, the Supreme Court "made clear that there is

no such presumption" in *eBay Inc. v. MercExchange L.L.C.*, 547 U.S. 388, 392–93, (2006). *See Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012).

Wright has not shown that he will suffer irreparable harm. His business is licensing his artwork; he does not keep them for his own exclusive use. He does not contend that Snider's continued display of his artwork will diminish the value of the image or cause any harm to his goodwill or reputation. *See Frerck v. John Wiley & Sons, Inc.*, 850 F. Supp. 2d 889, 893–94 (N.D. Ill. 2012) (identifying irreparable harms). The only apparent harm to Wright appears to be a lack of monetary compensation for Snider's use of the artwork. But that harm can be remedied through an award of damages based on what he would have charged Snider for a license to use the walleye illustration as part of the campsite logo. *See White v. Marshall,* No. 07-CV-892, 2008 WL 829664, at *3 (E.D. Wis. Mar. 27, 2008) (no irreparable injury where plaintiff could seek damages based on the cost of a license).

Wright resists this conclusion and contends that an injunction is appropriate because it will be difficult to calculate Snider's profits attributable to the infringement, should Wright seek that remedy in addition to actual damages. Specifically, Wright says that Snider's continued display of the image will make it "difficult to make a quantifiable claim of gross revenue relating to use of the logo." Dkt. 32, at 15. But the burden of quantifying Snider's revenues does not fall on Wright: Wright need only show some "minimal nexus" between Snider's gross profits and the alleged infringement before the burden shifts to Snider to prove that the profits are attributable to other factors. *O'Connor v. Cindy Gerke & Assocs.*, 300 F. Supp. 2d 759, 773 (W.D. Wis. 2002). More important, Wright is entitled to an injunction only if the *harm* he will suffer is irreparable. Although Wright may seek Snider's profits as a remedy, an increase in Snider's profits does not represent any harm to Snider. Wright provides no

4

authority that difficulty in calculating a defendant's profits, as opposed to calculating the plaintiff's losses, means that a plaintiff's harm is irreparable.

Snider's continued display of the allegedly infringing artwork may be relevant to showing that Snider's infringement was willful, which, if proven, would increase the amount of available statutory damages should Wright prevail on his claim. *See* 17 U.S.C. § 504(c)(2). But Wright has not shown that Snider's continued use of the logo will cause him irreparable harm. The court will deny his request for an injunction.

Because Wright has not shown that he will suffer irreparable harm without an injunction, the court need not consider whether Wright has met his burden on the other two elements. But one issue about the merits of the case deserves attention. Although neither party raised this issue, it is unclear whether this court could issue an injunction to stop any infringement occurring at Snider's camp in Canada. The U.S. Copyright Act has no extraterritorial application. *Impression Products, Inc. v. Lexmark International, Inc.*, 137 S. Ct. 1523, 1528 (2017). Accordingly, acts of infringement that occur outside the United States are not actionable under the act. *See* 5 Nimmer on Copyright § 17.02 (2022). This principle weighs strongly against granting relief in this case. Some infringement did occur in the United States: Wright adduces evidence that Snider displayed the logo at events in Wisconsin. And under the so-called "predicate-act doctrine," parties who participate in part of an act of infringement in the United States may be liable under U.S. copyright law if the act is completed in a foreign jurisdiction, *see id.,* although the Seventh Circuit has never expressly adopted the doctrine. *Motorola Sols. v. Hytera Communs. Corp.*, 436 F. Supp. 3d 1150, 1168 (N.D. Ill. 2020). But the parties did not address extraterritoriality or the predicate-act doctrine in their briefs, so the court will not reach those issues today.

**B. Motion for fees**

Wright seeks to recover the cost of serving defendant Stratford Sign Company on the ground that Stratford did not return a waiver of service. Dkt. 15. Under Federal Rule of Civil Procedure 4(d), if a defendant fails to sign and return a waiver, the court must impose on the defendant the expenses occurred in making service and the reasonable expenses, including attorney's fees, incurred in preparing the fee motion. Wright seeks $143.75 for the cost of hiring a process server and $2,040 for preparing the fee motion, for a total of $2,183.75. Dkt. 16, at 8. Stratford contends that the motion should be denied because Wright's waiver was defective. Specifically, the waiver form attached to Wright's waiver request states that the suit was filed in the Western District of Washington, rather than this court. *See* Dkt. 17-1, at 4.

"[Plaintiffs] are not entitled to expenses if they did not request waiver of service properly." *Simonson v. Kasieta Legal Grp.*, LLC, No. 19-cv-248-jdp, 2020 WL 1873606, at *3 (W.D. Wis. Apr. 15, 2020). Under Federal Rule of Civil Procedure 4(d)(1), a request for waiver must "name the court where the complaint was filed" and be accompanied by "[two] copies of the waiver form appended to [] Rule 4," among other things not relevant here. Wright contends that a defect in the waiver form can be excused if the waiver *request* is proper, and that his waiver request stated that the case had been filed in the Western District of Wisconsin. *See* Dkt. 35, at 3. But the copies of the request form that Wright filed in support of his motion do not name a court at all, although that may be a technical issue caused by the form's use of a drop-down menu to select a court. *See* Dkt. 4; Dkt. 17-1, at 3. In any case, a request is only proper if it is accompanied by a waiver form. Fed. R. Civ. P. 4(d)(1)(C). So it follows that if the waiver form is defective, the waiver request is defective as well. And listing the wrong court

6

on the waiver form is a significant defect. Even assuming that the request itself named the proper court, the discrepancy between the request and the waiver form would confuse the recipient about where the case was filed. The motion for costs and fees will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Jon Q. Wright's motion for a preliminary injunction, Dkt. 6, is DENIED.
2. Plaintiff's motion for costs, Dkt. 15, is DENIED.

Entered December 9, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge